99 F.3d 400
 77 A.F.T.R.2d 96-447
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ram P. MANWANI, Plaintiff-Appellant
v.
George BRUNELLE; Robert Paglia; Fahnestock & Co., Inc.;
Internal Revenue Service; United States,
Defendants-Appellees
 No. 95-6080.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 Appearing For Appellant: Ram P. Manwani, Flushing, NY, pro se.
 Appearing For Federal Appellees: Jonathan A. Wasserman, Tax Division, U.S. Dep't of Justice, Washington, DC.
 Appearing For Appellees George Brunelle, Robert Paglia, and Fahnestock & Co.: George Brunelle, NY, NY.
 E.D.N.Y.
 AFFIRMED.
 Present: FEINBERG, OAKES, and CALABRESI, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Eugene H. Nickerson, Judge ), it is hereby
 
 
 2
 ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
 
 
 3
 In a complaint brought in October 1994, plaintiff alleged that George Brunelle, Robert Paglia, and Fahnestock & Co. (Fahnestock) engaged in fraudulent conduct. In particular, plaintiff contends that Fahnestock, a registered broker dealer, charged him greater commissions than had been agreed upon. Plaintiff also sued Robert Paglia, alleged to be the data processing manager at Fahnestock. Plaintiff also sought sanctions against Brunelle, an attorney who represented both Fahnestock and another individual previously sued by the plaintiff. Manwani additionally sued the Internal Revenue Service (IRS) and the United States because of the government's allegedly wrongful levies against Manwani's accounts at Fahnestock and other brokerage firms.
 
 
 4
 The complaint before us seeks to relitigate several prior lawsuits brought by Manwani in the state and federal courts, and to reargue claims that have already been before this Court two times. In 1990, Manwani sued Fahnestock and one of its employees in the New York Supreme Court, alleging fraud and misappropriation in connection with Manwani's securities transactions and accounts. Manwani's 1988 written agreement with Fahnestock, however, included a clause requiring arbitration of any claims that did not arise under federal securities law. The New York Supreme Court granted the defendants' motion to compel arbitration in accordance with the written agreement, and its decision was affirmed by the Appellate Division. Manwani v. Reuter and Fahnestock & Co., Inc., 168 A.D.2d 340, 563 N.Y.S.2d 624 (1st Dep't 1990). In 1991, Manwani filed a similar suit in the United States District Court for the Eastern District of New York. The district court granted defendants' motion to compel arbitration and stayed all proceedings pending the completion of arbitration. The district court later awarded defendants $2500 for fees pursuant to Fed.R.Civ.P. 11. Manwani appealed these district court rulings, but this Court dismissed the appeal sua sponte for lack of appellate jurisdiction because no final order or partial final judgment had been entered. Manwani v. Reuter, Fahnestock & Co., No. 92-7368 (2d Cir. April 26, 1993). Manwani, however, never submitted to arbitration. He instead filed a new action in New York Supreme Court in 1994, seeking to dismiss the 1990 New York Supreme Court order that compelled arbitration. In May 1994, the New York Supreme Court denied the motion and stated that the defendants need not respond to any further motions brought by Manwani in connection with this subject matter. Manwani was also warned not to file further frivolous motions because sanctions would be imposed.
 
 
 5
 In January 1991, Manwani sued the IRS and the United States, in the U.S. District Court for the Eastern District of New York, seeking an injunction to prevent enforcement of tax levies against his accounts at several brokerage firms. In July of that year, Manwani notified the district court that the IRS had levied his accounts. Because the levy had already occurred, the IRS moved to dismiss the complaint as moot, and the district court granted this motion in March 1993. This Court affirmed the district court's judgment in 1994. Manwani v. Internal Revenue Service and United States of America, No. 93-6098 (2d Cir. January 3, 1994).
 
 
 6
 In October 1994, Manwani filed the complaint in the case before us. In a Memorandum and Order filed in March 1995, the district court dismissed the action with prejudice, stating that "Manwani appears to be addicted to vexatious litigation." In April 1995, the court further ordered that Manwani pay Rule 11 sanctions. Fahnestock was awarded $8,112.50 for attorneys' fees incurred since January 1994 and the United States was awarded $1,376.16 for costs incurred. The district court also ordered that Manwani "shall not initiate any further action before any federal court within the State of New York against these defendants relating to any of the matters he has been directed to arbitrate unless he obtains prior approval from a Magistrate Judge of this Court." On appeal, Manwani argues that the claims in the instant action are separate from those in the earlier actions, that his claims against the IRS and the United States are not moot, and that the district court abused its discretion by imposing sanctions. We review both the district court's dismissal of the complaint and its imposition of sanctions for abuse of discretion. Sussman v. Bank of Israel, 56 F.3d 450, 456 (2d Cir.1995).
 
 
 7
 We agree with the district court that Manwani is making the same claims against the IRS and United States that he litigated previously. Moreover, Manwani's claims against the United States and IRS fail because of sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-02, 608 (1990). He has not met the conditions under any of the potentially applicable waiver provisions, I.R.C. §§ 7422, 7432, 7433. In particular, plaintiff has not alleged that he has exhausted the required administrative remedies under § 7422 and § 7432(d), or that he has filed the necessary claim with the IRS for damages under § 7433. We therefore find no merit to plaintiff's claims against the government.
 
 
 8
 In addition, plaintiff has provided no reasonable explanation of how his present claims against the private parties differ from those he has previously asserted. The instant action simply seeks to avoid the district court's previous orders by filing a fresh complaint. The district court awarded Rule 11 sanctions only as to attorneys' fees and costs that occurred after Manwani threatened to relitigate his old claims. Despite Manwani's pro se status, given his history of frivolous and vexatious litigation, we cannot say that the district court abused its discretion in dismissing the lawsuit and awarding these sanctions. The district court also did not abuse its discretion in restricting Manwani's future access to the courts regarding this matter. Safir v. United States Lines, 792 F.2d 19, 23 (2d Cir.1986) (holding that such restrictions are justified if the litigant "has a history of vexatious litigation [and] is likely to continue to abuse the judicial process").
 
 
 9
 We have examined all of Appellant's arguments and find them to be without merit. Accordingly, we affirm the decision of the district court.