101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Radha R.M. NARUMANCHI; Mohan L. Mehta, Plaintiffs-Appellants,
v.
Michael J. ADANTI; Frank E. Harrison, I/O; Eugene Dixon;
Paul Wenger; David C. Newton, I/O; Barbara Bard; Frank E.
Muska; Jerry Bannister, I/O; Michael Pernal, I/O; Doris
Griscom; James Munz; Joseph McKeon; Irene Glasser; Lewis
Jones; Richard Fahringer, I/O; Wafeek Abdelsayed, I/O;
Doris Granatowski, I/O; Stewart Solomon, I/O; Martha F.
O'Hara, I/O; Connecticut State University, Board of
Trustees; Connecticut State University; American Assoc. of
University Professors; John 1-3 Dow; Jane 1-3 Dow,
Defendants-Appellees.
 No. 95-7730.
 United States Court of Appeals, Second Circuit.
 March 20, 1996.
 
 Appearing for Appellants:Radha R.M. Narumanchi, pro se, New Haven, Connecticut.
 Appearing for Appellees:Ann-Marie DeGraffenreidt, Assistant Attorney General, Hartford, Connecticut, for State Defendants-Appellees.
 William S. Zeman, West Hartford, Connecticut, for Defendant-Appellee Connecticut State University American Assoc. of University Professors.
 Brian M. Gildea, Gildea & Stevens, New Haven, Connecticut, for Defendant-Appellee Wafeek Abdelsayed.
 Stephen P. Fogerty, Halloran & Sage, Hartford, Connecticut, for Defendant-Appellee Martha F. O'Hara.
 D.Conn.
 AFFIRMED.
 Before GRAAFEILAND, MESKILL and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Radha Narumanchi and Mohan Mehta, pro se, appeal from Chief Judge Dorsey's dismissal of their complaint. The complaint alleged a variety of claims arising out of their employment as accounting professors at Southern Connecticut State University. We affirm.
 
 
 4
 In 1986, Narumanchi and Mehta, then represented by counsel, filed two actions, Mehta v. Bd. of Trustees, Civ. No. N-86-302 (PCD); Narumanchi v. Bd. of Trustees, Civ. No. H-86-51 (PCD), alleging that an investigation into their activities by the University's Academic Freedom Committee ("AFC") deprived them of various constitutional and statutory rights. After consolidation by the district court, the actions were ultimately dismissed. Because the grounds for recovery now asserted against defendants Adanti, Newton, Bard, Bannister, and the Board of Trustees for their actions in connection with the 1986 AFC grievance could have been asserted by appellants in the earlier actions, those claims are now barred by res judicata. See Brown v. Felsen, 442 U.S. 127, 131 (1979).
 
 
 5
 Similarly, appellants' claims that the 1986 hearing was procedurally deficient and that its mandate was overly broad and thereby chilled their speech were previously rejected by the district court. Appellants are, therefore, collaterally estopped from relitigating those claims now. See Remington Rand Corp. v. Amsterdam-Rotterdam Bank, 68 F.3d 1478, 1485 (2d Cir.1995) ("once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case") (citations and internal quotation marks omitted).
 
 
 6
 Furthermore, those claims that arose prior to 1986 are barred by the four year statute of limitations applicable to RICO cases, see Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1101 (2d Cir.1988), cert. denied, 490 U.S. 1007 (1989), and the three year statute of limitations period (borrowed from Connecticut law) applicable to Section 1983 actions, see Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir.1994). To the extent that appellants' claims are not precluded or barred by the statute of limitations, we have considered the merits of those claims and find them to be entirely baseless. Because appellants are state employees with no actionable federal claim for breach of the duty of fair representation, see e.g., Armstrong v. Meyers, 964 F.2d 948, 951 n. 4 (9th Cir.1992), appellants' claim that the union "failed to protect the[ir] legal rights" is meritless. Appellants' claims against defendants Fahringer, Abdelsayed, and Granatowski pursuant to Section 1983 and RICO are also baseless. Although appellants allege that Fahringer, Abdelsayed, and Granatowski perjured themselves in deposition testimony given during AFC proceedings and the previous lawsuits, the 1989 AFC grievance proceeding was not sworn and, therefore, cannot be the basis for a perjury charge. As to the RICO allegation, we note that perjury does not constitute a predicate act under the statute. See 18 U.S.C. § 1961(1). Appellants' perjury claims therefore fail. All other allegations of criminal wrongdoing are entirely unsupported.
 
 
 7
 Despite appellants' contention that they were deprived of their due process rights to present evidence in support of their 1990 grievance, appellants have failed to demonstrate that the right to bring a grievance is constitutionally guaranteed either by state statute or by the due process clause itself. See Hewitt v. Helms, 459 U.S. 460, 466 (1983). Moreover, although appellants argue that the collective bargaining agreement guarantees their right to bring evidence and does not require dismissal of AFC claims where a remedy has been sought in court, the provisions to which they allude do not support their contention.
 
 
 8
 Appellants' claim that the investigation ordered by defendant Adanti deprived them of their First and Fourteenth Amendment rights is also without merit. Whatever procedural defects might have been present in those proceedings, nothing in the record suggests that Adanti was responsible simply because he ordered the investigation. Finally, we reject appellants' RICO claim against Adanti. Although they allege that Adanti bribed witnesses at Narumanchi's Title VII trial, conduct which constitutes a predicate act under RICO, 18 U.S.C. § 1961(1), appellants fail to allege the requisite continuity under the statute. Assuming arguendo that appellants' claims are accurate, the alleged acts of bribery all occurred within the same timeframe and were connected to the same trial. Appellants do not contend that the alleged conduct has ever repeated itself or that it threatens to do so. Thus, appellants' bribery charges, even if true, fail to support the requisite pattern of racketeering activity under RICO. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989) ("[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement" of the statute).
 
 
 9
 We therefore affirm. Appellants are advised that relitigating matters that have gone to final judgment, relitigating matters that might have been raised in prior actions, or bringing otherwise frivolous actions can result in personal liability for monetary or other sanctions. See Fed.R.Civ.P. 11; Manwani v. Brunelle, No. 95-6080, 1995 WL 732686 at * 2 (2d Cir. Dec. 8, 1995) (affirming imposition of monetary sanctions on pro se litigant for relitigation of previously litigated claims); In re Martin Trigona, 727 F.2d 1254 (2d Cir.1984) (discussing federal courts' inherent power to protect their jurisdiction from frivolous, vexatious litigation); Sassower v. Field, 973 F.2d 75, 79-81 (2d Cir.1992) (affirming imposition of monetary sanctions on Fed.R.Civ.P. 11 grounds and under district court's "inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons"), cert. denied, 507 U.S. 1043 (1993).