25 F.3d 131
 Linda LOUNSBURY and William R. Donaldson, Jr., Plaintiffs-Appellants,
v.
Jack JEFFRIES, Lisa Charton, Richard Baez, Fran Budwitz and
James Cameron, Lt., Defendants-Appellees.
 No. 1561, Docket 93-9025.
 United States Court of Appeals,
Second Circuit.
 Argued April 21, 1994.
Decided May 27, 1994.
 
 Karen Lee Torre, New Haven, CT (D. Kirt Westfall, Nathanson & Cipriano, Hamden, CT, on the brief), for plaintiffs-appellants.
 Stephen P. Fogerty, Hartford, CT (Mark A. Newcity, Halloran & Sage, Hartford, CT, on the brief), for defendants-appellees.
 Before: OAKES, KEARSE, and MAHONEY, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Plaintiffs Linda Lounsbury and William R. Donaldson, Jr., appeal from a judgment entered in the United States District Court for the District of Connecticut, Peter C. Dorsey, Judge, summarily dismissing their consolidated action, brought under 42 U.S.C. Sec. 1983 (1988) for false arrest, on the ground that their complaints were barred by Connecticut's two-year statute of limitations. On appeal, plaintiffs contend that the state's three-year statute should have been applied, and that, under the proper statute, their suits were timely filed. We agree, and we therefore reverse and remand for further proceedings.
 
 I. BACKGROUND
 
 2
 The facts, taken in the light most favorable to the plaintiffs, may be stated briefly. On November 14, 1988, Lounsbury and Donaldson were in their place of business in Madison, Connecticut, when one Deidre Adams, with whom Donaldson at one time had had a romantic relationship, entered the premises. According to plaintiffs, Adams proceeded to assault first Lounsbury and then Donaldson. During the course of the assault, Lounsbury managed to make two emergency calls to the Madison Police Department. In the interval before the arrival of the police, the assault continued and Donaldson attempted to restrain Adams.
 
 
 3
 Defendants were members of the Madison Police Department. Four of them responded to Lounsbury's complaint, characterized as an assault by a "violent female," and arrived to find Donaldson struggling with Adams on the floor. After a brief investigation, the officers arrested Lounsbury, Donaldson, and Adams, charging all three with assault.
 
 
 4
 After numerous appearances in criminal court, Lounsbury and Donaldson had the charges against them dismissed. They eventually filed the present suits, which were later consolidated, seeking damages against the officers under 42 U.S.C. Sec. 1983 for false arrest, alleging, inter alia, that defendants had failed to ascertain who the complainant was. Both suits were filed in August 1991--Lounsbury's on August 7 and Donaldson's on August 20--some two years and nine months after the arrests.
 
 
 5
 Following discovery, defendants moved for summary judgment on the ground, inter alia, that the relevant statute of limitations for Sec. 1983 actions is Conn.Gen.Stat. Sec. 52-584, which provides a two-year limitations period, and that plaintiffs' suits were therefore time-barred. Plaintiffs opposed the motion, arguing that the pertinent provision is Conn.Gen.Stat. Sec. 52-577, a three-year statute, and thus their suits were timely.
 
 
 6
 In a Ruling on Motions for Summary Judgment dated September 13, 1993 ("Ruling"), the district court granted defendants' motions for summary judgment. Although under the pertinent Supreme Court decisions the appropriate statute of limitations is the state's general or residual statute of limitations for personal injury actions, the district court concluded that
 
 
 7
 Connecticut has two residual statutes of limitation for personal injury claims, one for injuries inflicted intentionally (Sec. 52-577), and another for injuries caused by negligent, reckless, or wanton misconduct (Sec. 52-584).
 
 
 8
 Ruling at 5 (emphasis added). On the premise that Sec. 1983 was historically directed at failures to perform official duties rather than at intentional inflictions of harm, Ruling at 6-7, the district court concluded that Sec. 52-584, covering personal injuries caused by negligent, reckless, or wanton conduct, is "representative of a broader range of claims typically brought under Sec. 1983," Ruling at 6, and thus is the more appropriate statute. Since Sec. 52-584 provides a two-year limitations period, the court dismissed plaintiffs' claims, filed more than two years after their claims had accrued, as time-barred. This appeal followed.
 
 II. DISCUSSION
 
 9
 On appeal, plaintiffs renew their contention that the statute of limitations applicable to Sec. 1983 claims in Connecticut is Sec. 52-577, a three-year statute, rather than the twoyear statute applied by the district court. We agree.
 
 
 10
 A. The Framework Established by the Supreme Court
 
 
 11
 Since Congress did not enact a statute of limitations governing actions brought under Sec. 1983, the courts must borrow a state statute of limitations. See, e.g., Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). The statute to be borrowed is the one that is "most appropriate," id., or "most analogous," Board of Regents v. Tomanio, 446 U.S. 478, 488, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980), so long as it is not inconsistent with federal law or policy.
 
 
 12
 The courts' attempts to determine which statutes of limitations were most appropriate or most analogous to the various types of Sec. 1983 claims before them, however, led to uncertainty, confusion, and lack of uniformity. See generally Wilson v. Garcia, 471 U.S. 261, 272 n. 25, 105 S.Ct. 1938, 1945 n. 25, 85 L.Ed.2d 254 (1985) ("Wilson"); Owens v. Okure, 488 U.S. 235, 240, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989) ("Owens") ("The practice of seeking state-law analogies for particular Sec. 1983 claims bred confusion and inconsistency in the lower courts and generated time-consuming litigation."). Accordingly, in Wilson, recognizing that "[a]lmost every Sec. 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action, each of which may be governed by a different statute of limitations," 471 U.S. at 272-73, 105 S.Ct. at 1944-45, the Supreme Court concluded that the federal interests in uniformity, certainty, and the minimization of unnecessary litigation required that a single characterization of Sec. 1983 claims be adopted. Noting that "[t]he atrocities that concerned Congress in 1871 plainly sounded in tort," 471 U.S. at 277, 105 S.Ct. at 1947, that "the Sec. 1983 remedy encompasses a broad range of potential tort analogies, from injuries to property to infringements of individual liberty," 471 U.S. at 277, 105 S.Ct. at 1947, and that "[g]eneral personal injury actions, sounding in tort, constitute a major part of the total volume of civil litigation in the courts today, and probably did so in 1871 when Sec. 1983 was enacted," 471 U.S. at 279, 105 S.Ct. at 1948 (footnote omitted), the Wilson Court concluded that for statute-of-limitations purposes, "Sec. 1983 claims are best characterized as personal injury actions," 471 U.S. at 280, 105 S.Ct. at 1949. Thus a state's personal-injury statute of limitations, assuming the state has but one such statute, should be applied to all Sec. 1983 claims.
 
 
 13
 In Owens, the Supreme Court dealt with the question of which statute of limitations is the appropriate one when a state has more than one personal-injury statute of limitations. Seeking to continue the simplifying process begun by the Wilson Court, the Owens Court strove to formulate "a rule for determining the appropriate personal injury limitations statute that can be applied with ease and predictability in all 50 States." Owens, 488 U.S. at 243, 109 S.Ct. at 578. The Owens Court observed that "[i]n marked contrast to the multiplicity of state intentional tort statutes of limitations, every State has one general or residual statute of limitations governing personal injury actions." Id. at 245-46, 109 S.Ct. at 579-580 (emphasis added). Owens described a "general provision" as one "which applies to all personal injury actions with certain specific exceptions," id. at 246, 109 S.Ct. at 579, and a "residual provision" as one "which applies to all actions not specifically provided for, including personal injury actions," id. at 246-47, 109 S.Ct. at 579-580. The Court noted that "these provisions are easily identifiable by language or application. Indeed, the very idea of a general or residual statute suggests that each State would have no more than one." Id. at 247-48, 109 S.Ct. at 579-580.
 
 
 14
 Accordingly, in Owens, the Supreme Court held that if a state has more than one personal-injury statute of limitations, the state's general or residual statute of limitations for personal injury actions is to be applied: "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. at 249-50, 109 S.Ct. at 580-81.B. The Connecticut Statutes
 
 
 15
 The two provisions of the Connecticut General Statutes on which the district court focused in the present case are Sec. 52-577 and Sec. 52-584. Section 52-577 provides:
 
 
 16
 No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.
 
 
 17
 Conn.Gen.Stat. Sec. 52-577. Section Sec. 52-584 provides:
 
 
 18
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanitorium, shall be brought but within two years from the date when the injury is first sustained or discovered....
 
 
 19
 Conn.Gen.Stat. Sec. 52-584. In addition, Connecticut has other sections specifying the limitations periods covering other types of personal injury claims. See, e.g., id. Sec. 52-577d (for personal injuries to minors); id. Sec. 52-577c (for injuries due to hazardous chemicals); id. Sec. 52-577a (for product liability claims). Plainly, then, Connecticut has multiple statutes of limitations dealing with various types of claims for personal injury. Accordingly, the courts are required to apply Connecticut's general or residual personal-injury statute of limitations to claims brought under Sec. 1983.
 
 
 20
 Contrary to the district court's conclusion, Sec. 52-584 is not a "residual" statute as described by Owens, for it contains no language suggesting that it "applies to all actions not specifically provided for, including personal injury actions," 488 U.S. at 246-47, 109 S.Ct. at 580-81. Nor is Sec. 52-584 a "general" statute, for it does not "appl[y] to all personal injury actions with certain specific exceptions," 488 U.S. at 246, 109 S.Ct. at 579. Rather, that section applies only to those actions, primarily negligence actions, that are specifically enumerated in the section itself; it does not apply to "all personal injury actions" and does not appear to reach any categories of personal injury actions that are not there enumerated.
 
 
 21
 In contrast, Sec. 52-577, though it does not precisely follow the contours of the "general" or "residual" provisions set out in Owens, is a general statute of the type to which Owens referred. The law of torts encompasses personal injuries (as well as injuries to other personal interests) resulting from both negligent and intentional conduct, and Sec. 52-577, by providing simply for all actions "founded upon a tort," sets the limitations period for all types of tort claims that are not specifically covered by different limitations provisions. Thus, the provision in Sec. 52-584 for a two-year period of limitations governing personal injury actions that arise from negligence or from reckless or wanton misconduct, and the provisions in sections such as Sec. 52-577c for a two-year period of limitations governing injuries from hazardous pollutants, merely specify exceptions to the general three-year period established in Sec. 52-577. Unless there is such an explicit statutory provision, every tort claim governed by a Connecticut statute of limitations is subject to Sec. 52-577's three-year period.
 
 
 22
 In sum, the pivotal question in the Owens analysis is what state statute of limitations applies to unenumerated personal injury claims. In Connecticut, the answer is Sec. 52-577.
 
 
 23
 Accordingly, Sec. 52-577 should have been applied to plaintiffs' claims under Sec. 1983. Since Sec. 52-577 provides a three-year period of limitations, plaintiffs' claims were not barred.
 
 CONCLUSION
 
 24
 For the foregoing reasons, the judgment of the district court is reversed, and the matter is remanded for further proceedings.