107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John PAUL, Plaintiff-Appellant,
v.
Mike DOSOMO, I/O, Charles Walkley, I/O, Defendants-Appellees.
 No. 96-2455.
 United States Court of Appeals, Second Circuit.
 Feb. 21, 1997.
 
 APPEARING FOR APPELLANT:John Paul, pro se, White Deer, PA.
 APPEARING FOR APPELLEES:James V. Minor, Asst. Corporation Counsel, Stamford, Conn.
 PRESENT: HONORABLE JON O. NEWMAN, Chief Judge. HONORABLE AMALYA L. KEARSE, HONORABLE DANIEL M. FRIEDMAN,* Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 John Paul appeals pro se from the judgment of the District Court dismissing, on defendants' motion for summary judgment, his claims against two Stamford, Conn., police officers and the Stamford Police Department. The complaint alleged various violations of Paul's constitutional rights in connection with a 1981 arrest.
 
 
 4
 The complaint, filed in 1995, was properly dismissed as time-barred. The relevant statute of limitations is three years. See Owens v. Okure, 488 U.S. 235, 240-41 (1989); Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir.1994) (applying Connecticut law). Paul contends that he may escape the bar of the statute of limitations because he was not aware until 1995 that he was entitled to bring a civil rights lawsuit. That excuse is unavailing.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation