[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#112)
The plaintiff, Julie Tomlinson, brings this action for damages against CT Page 8950 the defendant, Keith Caciopli, to recover for medical expenses and lost wages incurred as a result of a motor vehicle accident between the plaintiff and the defendant on July 28, 1997. The plaintiff, who commenced this action with service of process on the defendant on October 27, 1999, filed a revised single count complaint on November 27, 2000. The plaintiff alleges that the defendant struck the rear of her vehicle with "great force and violence," causing her to incur fiscal damages and that the "collision and consequent injuries were caused by the carelessness and negligence" of the defendant.
On December 7, 2000, the defendant filed an answer and a special defense alleging that the plaintiffs action is barred by the statute of limitations, as set forth in General Statutes § 52-584. On February 15, 2001, the defendant moved for summary judgment on the plaintiffs revised complaint based on his special defense. The plaintiff did not file a response to the defendant's motion.[1]
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The defendant claims that the plaintiffs action is time barred because she failed to bring her action within two years from the date when her injuries were first sustained or discovered. In response, the plaintiff argues that the type of action in the present case is an unenumerated personal injury claim for purely fiscal damages and is thereby covered by a three year instead of a two year statute of limitations because it does not allege injury to any person or property as contemplated by the two year statute of limitations, General Statutes § 52-584.
The issue in the present case is whether an action that sounds in negligence and seeks fiscal damages, namely, medical expenses and lost wages, is governed by the three year statute of limitations for actions founded upon a tort, § 52-577, or the two year statute of limitations for actions involving injury to a person or property, § 52-584. If the latter, then the present action is time barred.
Section 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577. Section 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two CT Page 8951 years from the date when the injury is first sustained or discovered. . . ." General Statutes § 52-584.
In addressing the scope of § 52-577, our Supreme Court has stated that "[t]he three year limitation of § 52-577 is applicable to allactions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in § 52-584 or another section. . . . Thus, the three year limitation period of §52-577 applies to all actions based on a tort unless there has been aspecific statutory exclusion." (Citations omitted; emphasis added; internal quotation marks omitted.) Travelers Indemnity Co. v. Rubin,209 Conn. 437, 441, 551 A.2d 1220 (1988).
It follows, therefore, that in determining which statute of limitations applies in the present case, this court must focus on the cause of action, not the damages sought, for the damages sought by the plaintiff do not define her cause of action. The nature and character of a cause of action are primarily fixed and determined by the allegations of facts in the complaint and are not controlled by the conclusions of the pleader or by the statements of counsel forming no part of the record. 71 C.J.S., Pleading § 153-54 (2000). "[A] cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff. . . . Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." (Internal quotation marks omitted.) Daoust v. McWilliams,49 Conn. App. 715, 721, 716 A.2d 922 (1998).
The very case upon which the plaintiff relies, Lounsbury v. Jeffries,25 F.3d 131 (2d Cir. 1994), states that § 52-577, by providing simply for all actions `founded upon a tort,' sets the limitations period for all types of tort claims that are not specifically covered by different limitations provisions. Thus the provision in § 52-584 for a two-year period of limitation governing personal injury actions that arise from negligence . . . merely [specifies] exceptions to the general three-year period established in § 52-577. Lounsbury v. Jeffries,
supra, 25 F.3d 131.
It appears that the plaintiff is relying on the conclusion of the court in Loundsbury that the statute of limitations in Connecticut that is applicable to "unenumerated personal injury claims" is § 52-577.[2]
There is, however, no talismanic effect to the label "unenumerated personal injury claim." Simply by attaching that label to her claims and shifting the focus to the fiscal damages that flow from her injuries, the plaintiff cannot transform her cause of action into one that is not enumerated in § 52-584. CT Page 8952
The court cannot consider these claims for medical expenses and lost wages in a vacuum. of necessity these losses must stem from personal injury to the plaintiff. They cannot be purely fiscal claims. It would indeed be a bizarre and impermissible result to allow the plaintiff to separate her damages to allow piecemeal litigation of damages flowing from the same alleged tort. This is contrary to the public policy behind § 52-584 fostering the prompt resolution of tort claims such as this one.
The plaintiff alleges, and the defendant admits, that the accident occurred on July 28, 1997. The plaintiff further alleges that "[s]aid collision and consequent injuries were caused by the . . . negligence of [the defendant]." The plaintiff alleges that as a result of the accident "she has incurred and will incur expenses for medical care and attention, medicine and x-rays: and that she has been and will be unable to perform her occupational duties, all of which has and will cause her fiscal loss and fiscal damage." The source of these allegations of medical expenses and lost wages, the plaintiffs damages, is the "consequent injuries" sustained by the plaintiff as a result of the defendant's alleged negligence in causing the motor vehicle accident,
Given the explicit language of § 52-584, an action to recover damages for personal injuries caused by the alleged negligence of one or more persons involved in a motor vehicle accident is an action enumerated in § 52-584. See also Jastroch v. Haynes, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 367167 (February 22, 2001, Stodolink, J.) (statute of limitations on actions based on injuries allegedly sustained in automobile accident is two years); Kulisch v.Aetna Casualty Surety Co., Superior Court, judicial district of New Haven, Docket No. 298498 (December 20, 1991, Reilly, J.) (§ 52-584
provides for a two-year statute of limitations to bring suit for injuries arising out of an automobile accident). The plaintiff cannot circumvent the statute of limitations applicable to her cause of action by attempting to distinguish her injuries from the damages that flow from those injuries and characterizing her action as something it is not.
It is undisputed that the plaintiff and the defendant were in a motor vehicle accident on July 28, 1997. Furthermore, it is undisputed that the plaintiff commenced this action on October 29, 1999, some three months after the applicable statute of limitations had expired. The plaintiffs action therefore is time barred. Accordingly, the defendant's motion for summary judgment is granted.
 _____________________ LICARI, JUDGE
CT Page 8953