### Patrick MENILLO, Plaintiff,

### v.

### UNITED STATES DEPARTMENT OF JUSTICE BUREAU OF PRISONS, and John Does 1–N, Defendants.

### No. 3:03CV1781(JBA).

United States District Court,
D. Connecticut.

Jan. 27, 2006.

John Ivar Bolton, Bridgeport, CT, for Plaintiff.

Alan M. Soloway, U.S. Attorney's Office, New Haven, CT, for Defendant.

### *RULING ON MOTION TO DISMISS [DOC. # 15]*

ARTERTON, District Judge.

Plaintiff has sued the Federal Bureau of Prisons and various prison officials for intentionally or negligently miscalculating his sentences, thereby keeping him in prison for nearly four years past his purported release date in 1998. He was released in October 2002, after serving time on Florida federal racketeering charges, Florida state murder charges, New York federal money laundering charges, and Massachusetts federal drug charges.

Defendants have moved to dismiss the complaint, *see* Second Mot. to Dismiss [Doc. # 15], and their motion is GRANTED for the reasons that follow.

First, plaintiff concedes that his claim against the United States Department of Justice Bureau of Prisons is barred by the doctrine of sovereign immunity. Pl. Obj. to Def. Mot. to Dismiss [Doc. # 25] at 10.

Second, plaintiff's claims against the individual unnamed defendants are barred by the applicable three-year statute of limitations. *See Wilson v. Garcia*, 471

U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Lounsbury v. Jeffries,* 25 F.3d 131, 134 (2d Cir.1994); *Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir.1987); Conn. Gen.Stat. § 52–577. The gravamen of plaintiff's complaint is that unnamed individuals in the Bureau of Prisons submitted false information and committed other misdeeds to keep him in prison past October 20, 1998, the date he believes he should have been released. Therefore his cause of action arose in 1998, and the present complaint was untimely when filed in 2004.

■ Alternatively, as this Court previously held, *see* End. Order [Doc. # 17], plaintiff is precluded by the doctrine of *res judicata* from relitigating as a *Bivens* action the challenges to his prison term that he previously litigated, and lost, in the form habeas corpus petitions in Pennsylvania, Florida, and South Carolina. In 1997 the United States District Court for the Middle District of Pennsylvania rejected petitioner's argument that he should receive credit on his federal racketeering sentence, handed down in Florida, for approximately 700 days served while in the custody of the State of Florida awaiting trial on murder charges. The court found that petitioner in fact was in state custody during this time and therefore was not entitled to credit toward his federal sentence, and that, contrary to Menillo's allegations, the federal judge had not instructed that his sentence was to run concurrent to the state sentence. *See* Def. Mem. of Law, Ex. 3. This ruling was affirmed by the Third Circuit Court of Appeals in a written opinion. *See id.* at Ex. 4.

In 1999, the Federal District Court for the Middle District of Florida dismissed Menillo's second habeas petition on the ground of *res judicata,* as his "precise

claims have previously been adjudicated...". *See id.* at Ex. 5. The Eleventh Circuit summarily affirmed. *Id.* at Ex. 7.

In 2002, the United States District Court for the District of South Carolina again dismissed Menillo's argument about credit for time served on Florida state charges, on the basis of *res judicata,* and further rejected Menillo's argument that he should have been given credit toward his Florida federal sentence for time served between his guilty plea and sentencing on the federal money laundering charges in New York. *Id.* at Ex. 7–8.

In the present case, Menillo alleges that the federal "Bureau of Prisons either intentionally miscalculated or was negligent in properly interpreting jail sentence credit statutes and sentence credit for concurrent state sentences." Complaint Preliminary Statement [Doc. # 1]. Specifically, he argues that his Florida state and federal sentences should have run concurrently, and he should have been given time-served credit for the New York money laundering charges, Compl. ¶¶ 9, which are the same claims dismissed in the previous habeas cases. Therefore the principle of *res judicata* precludes Menillo from relitigating those issues here.

■ Finally, the Supreme Court held in *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), that to recover damages against the Government, plaintiff must show that his conviction was reversed on direct appeal or called into question by the issuance of a writ of habeas corpus. Plaintiff cannot meet this burden because his three habeas petitions were dismissed. *See* Mem. in Support [Doc. # 10] at Ex. 1–9. *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), cited by plaintiff, is not to the contrary.[1]

---

**1.** The United States Supreme Court held in *Spencer,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43, that a petitioner's release from custody does not render a habeas petition

Therefore defendants' Second Motion to Dismiss [Doc. # 15] is GRANTED and the Clerk is directed to close this case.

IT IS SO ORDERED.

moot, but it does eliminate the existence of a case or controversy as required by Article III.

That case is inapplicable to a *Bivens* or § 1983 action and does not overrule *Heck.*