**Anthony BARILE, Plaintiff–Appellant,**

v.

**CITY OF HARTFORD, Luis Rodrigues, Defendants–Appellee.**

No. 05–5003–pr.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

Anthony Barile, pro se, Vernon, CT, for Plaintiff–Appellant.

Helen Apostolidis, Esq., Senior Assistant Corporation, Counsel, City of Hartford, Hartford, CT, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Anthony Barile ("Barile") appeals from a judgment entered by the United States District Court for the District of Connecticut (Arterton, *J.*) on August 31, 2005, 386 F.Supp.2d 53, dismissing a complaint brought under 42 U.S.C. § 1983 as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The events Barile alleges in his civil rights complaint occurred on December 21, 1996; but he did not file his § 1983 action until August 12, 2004.

We review the district court's dismissal *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). In Connecticut, a plaintiff must bring his § 1983 claim within three years of the date his claim accrues. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir.1994) (holding that Conn. Gen.Stat. § 52–577 governs § 1983's statute of limitations in Connecticut); *see also* Conn. Gen.Stat. § 52–577 (setting three-year limitations period for tort actions). Barile thus had until December 21, 1999 to file his complaint. His failure to do so until 2004 is fatal to his action.

We have considered the appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.