Richard **ROHNER** and Krystine Rohner, Plaintiffs,

v.

**TOWN OF COVENTRY** and Joseph Callahan, Defendants.

No. 3:06CV00589 (DJS).

United States District Court, D. Connecticut.

Oct. 10, 2008.

John R. Williams, New Haven, CT, for Plaintiffs.

David Anthony Debassio, David M. Sheridan, Christine K. Blethen, Levy & Droney, P.C., Farmington, CT, for Defendants.

### *MEMORANDUM OF DECISION AND ORDER*

DOMINIC J. SQUATRITO, District Judge.

The plaintiffs, Richard Rohner and Krystine Rohner ("the Plaintiffs"), bring this action against the defendants, the Town of Coventry ("the Town"), Joseph Callahan ("Callahan") (collectively, "the Defendants"), alleging that the Defendants violated their Fourteenth Amendment right to equal protection. The Defendants have filed a motion for summary judgment

(dkt. # 43) pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). For the reasons that hereafter follow, the motion for summary judgment (**dkt. # 43**) is **GRANTED.**

### I. FACTS

The Town is a municipal corporation. At all times relevant to this case, the Plaintiffs were residents of the Town, and Callahan was a building official for the Town.

Prior to March 24, 2003, the Plaintiffs entered into a contract to purchase a new home located at 480 Bunker Hill Road ("the Property") in Coventry. The Property was constructed by Alfred Chiulli ("Chiulli") and Al–Fred Builders & Developers, LLC ("Al–Fred") (collectively, "the Contractors"). The Plaintiffs took title to the Property on April 3, 2003. Callahan, in the performance of his official duties, conducted several inspections of the Property. After completing his inspections, Callahan signed a Certificate of Occupancy for the Property.

The Plaintiffs allege that, after the Contractors purportedly had completed construction, and after the Plaintiffs had purchased and entered their new home, numerous defects in the Property became apparent. The Plaintiffs contend that the Contractors violated the applicable building code regulations, and that Callahan intentionally ignored those violations. The Plaintiffs also contend that the Town, in violation of the Equal Protection Clause of the Fourteenth Amendment, has a policy of applying its building code regulations differently between residential property owners and commercial property owners.

Callahan has acknowledged that he did, in fact, "overlook[ ] several minor code violations...." (Dkt. # 43–3, Callahan Aff. ¶ 4.) He has further stated that "[t]hese

errors of judgment and/or perception were all solely [his]," and that they resulted from his "being pressed for time and [of his] lack of awareness, at that point, that the builder may be prone to shoddy work." (*Id.* ¶ 5.) According to Callahan, he recalled that the "builder had built one or two other houses in Coventry before this one and had been cooperative as to correcting problems in those instances. To [his] best recollection, [he] had no reason to suspect [the builder] was an untrustworthy person at the time [he] performed the final inspection...." (*Id.*) He denies, however, that he intentionally ignored serious defects in Chiulli's and Al–Fred's work.

On April 5, 2004, State Building Official Christopher Laux ("Laux") informed the Plaintiffs in writing that the Property did not meet minimum building code requirements. As a result, disputes arose between the Plaintiffs and the Contractors regarding the work done on the Property. Callahan made numerous efforts to mediate between them and facilitate their continued communication so that they could satisfactorily resolve their disputes. Ultimately, the Plaintiffs, who had hired an attorney, broke off discussions with the Contractors, and Callahan was advised by the Plaintiffs' attorney that the Plaintiffs would not permit any further negotiations or contact with the Contractors.

The Plaintiffs then filed for arbitration on August 18, 2006 and were awarded $10,595 in damages, plus certain costs. They subsequently sought confirmation of the arbitration award in the Connecticut Superior Court. On August 7, 2006, the Connecticut Superior Court entered its confirmation of the arbitration award, confirming the damages award in the amount of $10,595, the portion of the arbitrator's fee in the amount of $525, and the costs for the Superior Court action in the amount of $315, for a total of $11,435.

## II. DISCUSSION

The Plaintiffs allege that the Defendants violated their Fourteenth Amendment right to equal protection. The Defendants argue that summary judgment should be granted in their favor. The court shall discuss the parties' arguments seriatim.

### A. SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

 Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" *Am. Int'l Group, Inc. v. London Am. Int'l Corp.,* 664 F.2d 348, 351 (2d Cir.1981) (quoting *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir.1975)).

 A dispute concerning a material fact is genuine " 'if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court must view all inferences and ambiguities in a light most favorable to the nonmoving party. *See Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). "Only when rea-

sonable minds could not differ as to the import of the evidence is summary judgment proper." *Id.*

### B. STATUTE OF LIMITATIONS

■■■ The Defendants first argue that the applicable statute of limitations bars the Plaintiffs' from bringing their equal protection claim. The equal protection claim is brought pursuant to 42 U.S.C. § 1983. Under Connecticut law, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen.Stat. § 52–577. "Section 52–577 ... governs ... claims pursuant to the Connecticut Constitution and state common law." *In re State Police Litig.*, 888 F.Supp. 1235, 1249 (D.Conn.1995) (citing *Orticelli v. Powers*, 197 Conn. 9, 16, 495 A.2d 1023 (1985)). "In section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions'...." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir.2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)). "When a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations." *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir.1998); see *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir.1994) (applying Conn. Gen.Stat. § 52–577 to § 1983 actions). Thus, applicable limitations period in Connecticut for a federal equal protection claim brought pursuant to § 1983 is three years.[1]

■■■ Callahan issued the Certificate of Occupancy for the Property on March 24, 2003. The Plaintiffs took title to the Property on April 3, 2003. According to the Plaintiffs, they discovered that Callahan's issuance of the Certificate of Occupancy was "improper" on April 4, 2003. Using any of these dates, the three-year statute of limitations would bar this case, which was filed on April 17, 2006.

■■■ The Plaintiffs argue, however, the Defendants fraudulently hid the fact that the Town had a deliberate municipal policy to treat residential property owners differently than residential property owners. The Plaintiffs maintain that they did not become aware of this policy until Krystine Rohner attended a Town Meeting on November 16, 2004, less than two years before this suit was filed. In the Plaintiffs' view, the court should toll limitations period because of the Defendants' fraudulent concealment.

■■■ Section 52–595 of the Connecticut General Statutes provides that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Conn. Gen.Stat. § 52–595. In construing this statute, the Connecticut Supreme Court has explained that

> to prove fraudulent concealment, [plaintiffs are] required to show that [defendants]: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs'

---

1. The Defendants argue that the "only other applicable Statute of Limitations that could arguably apply here would be C.G.S. § 52–584...." (Dkt. # 43–2, p. 4.) Conn. Gen.Stat. § 52–584 provides for a two-year limitations period and applies to actions in which a plaintiff seeks to recover damages for, *inter alia*, injury to the person, or to real or person-
al property, caused by negligence or reckless or wanton misconduct. Section 52–584 does not apply here, however, because this is not an action to recover for damages caused to real property. Instead, this is an action brought pursuant to 42 U.S.C. § 1983 alleging a violation of the Fourteenth Amendment.

cause of action; (2) intentionally concealed these facts from the plaintiffs; and (3) concealed the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action.

*Falls Church Group, Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105, 912 A.2d 1019 (2007). In addition, plaintiffs are "required to prove that [defendants] had concealed the cause of action by the more exacting standard of clear, precise, and unequivocal evidence." *Id.*

 Assuming, for the sake of argument, that the Town had a policy of treating residential and commercial property owners differently, the Plaintiffs have submitted nothing to demonstrate that the Defendants intentionally concealed such a policy. Quite simply, there is no hint in the record that the Defendants or any Town official took affirmative steps[2] to conceal anything from the Plaintiffs or other Coventry residents. There is nothing indicating that the Town, in an attempt to delay the Plaintiffs' lawsuit, concealed its policy until the November 16, 2004 Town Meeting. Indeed, from what the court can discern, the Town's attorney, Michael Zizka ("Zizka") was asked a question during the Town Meeting, which he answered, and the Plaintiffs have construed Zizka's answer as proof that the Town had this unlawful policy. There is, however, no evidence that Zizka concealed this information on previous occasions, or that he would not have answered the same question in the same way during prior Town Meetings.

As a result of the foregoing, the court is forced to conclude that the Conn. Gen.Stat. § 52–595 does not apply here. That is, the limitations period is not tolled. Thus, no matter which of above-mentioned dates one uses, whether the date Callahan issued the Certificate of Occupancy for the Property (March 24, 2003), the date the Plaintiffs took title to the Property (April 3, 2003), or the date the Plaintiffs claim they discovered that Callahan's issuance of the Certificate of Occupancy was "improper" (April 4, 2003), the statute of limitations bars this action. Consequently, the Defendants' motion for summary judgment (**dkt. # 43**) is **GRANTED**.

## C. EQUAL PROTECTION

The court notes that, even if the statute of limitations did not bar the Plaintiffs' claim, and even if the court were to reach the merits of the equal protection claim, it would grant summary judgment in favor of the Defendants. As both sides are aware, there is a companion action to this case, also assigned to the undersigned, entitled *Lavoie–Francisco et al. v. Town of Coventry et al.*, 05cv00978 (DJS). In *Lavoie–Francisco*, the plaintiffs were a couple who also had a house built by Chiulli and Al–Fred. Indeed, their house was built on the same street as the Plaintiffs'. Like the Plaintiffs here, the *Lavoie–Francisco* plaintiffs had many problems with Chiulli's and Al–Fred's work, and ultimately restricted Chiulli's access to their property.[3]

---

**2.** In certain situations, mere nondisclosure, rather than an affirmative act of concealment, is sufficient to satisfy the requirements Conn. Gen.Stat. § 52–595. For example, "nondisclosure is sufficient when the defendant has a fiduciary duty to disclose material facts." *Falls Church Group, Ltd.*, 281 Conn. at 107, 912 A.2d 1019. The Plaintiffs do not allege that such a fiduciary relationship existed here, nor do they provide any reason why simple nondisclosure would be sufficient to satisfy the statute here.

**3.** From what the court can discern from the records, the main difference between these two cases is that the Plaintiffs here brought an arbitration proceeding against Chiulli and Al–Fred, whereas the *Lavoie–Francisco* plaintiffs did not. Thus, unlike the situation here, Chiulli and Al–Fred were defendants in *Lavoie–Francisco*.

As in this case, Callahan was the official who issued the Certificate of Occupancy for the *Lavoie–Francisco* plaintiffs' house.

Here, the Plaintiffs have brought a classification-based[4] equal protection claim against the Town and Callahan identical to the classification-based equal protection claim in *Lavoie–Francisco*. Specifically, both the Plaintiffs here and the *Lavoie–Francisco* plaintiffs have alleged that the Town violated the Fourteenth Amendment by applying its building code regulations differently between residential property owners and commercial property owners.

On October 10, 2008, the court issued its summary judgment decision in *Lavoie–Francisco*, finding that all of the *Lavoie–Francisco* plaintiffs' equal protection arguments failed as a matter of law. Because the classification-based equal protection issue in *Lavoie–Francisco* is identical to the classification-based equal protection issue in this case, the court hereby incorporates by reference the relevant equal protection discussion of its October 10, 2008 *Lavoie–Francisco* decision into this decision. *See Lavoie–Francisco et al. v. Town of Coventry et al.*, 05cv00978 (DJS), Memorandum of Decision and Order dated October 10, 2008.[5] Thus, the court need not repeat its analysis. Consequently, for the same reasons provided in *Lavoie–Francisco*, the Plaintiffs' equal protection claim fails, and the Defendants' the motion for summary judgment (**dkt. # 43**) is **GRANTED.**[6]

### III. CONCLUSION

For foregoing reasons, the Defendants' motion for summary judgment (**dkt. # 43**) is **GRANTED. Judgment in favor of the Town of Coventry and Joseph Callahan**

shall enter on the complaint. The clerk shall close this file.

---

4. The *Lavoie–Francisco* plaintiffs also brought a "class-of-one" equal protection claim, which the Plaintiffs did not do here.

5. The court notes that Plaintiffs' counsel is also counsel for one of the *Lavoie–Francisco* plaintiffs, and should be able to provide a

copy of the *Lavoie–Francisco* decision to the Plaintiffs.

6. In light of the above, the court need not discuss the Defendants' res judicata argument.