*Harnage v. Torres et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of December, two thousand sixteen.**

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge*,
        RALPH K. WINTER,
        GUIDO CALABRESI,
            *Circuit Judges.*

―――――――――――――――――――――――――――

JAMES A. HARNAGE,

        *Plaintiff-Appellant*,

        v.                                  16-437

RAQUEL TORRES, Deputy Warden (Retired), ANTHONY COLETTI, Warden (Retired), JODI M. RELL, Former Governor, DANNEL P. MALLOY, Governor, MICHAEL LEWIS,

        *Defendants-Appellees*.

―――――――――――――――――――――――――――

FOR PLAINTIFF-APPELLANT:     James A. Harnage, pro se, South Suffield, CT.

FOR DEFENDANTS-APPELLEES:     No brief.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James A. Harnage, proceeding pro se, appeals from the district court's judgment dismissing sua sponte his 42 U.S.C. § 1983 claims against prison and government officials as barred by the applicable three-year statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint pursuant to 28 U.S.C. § 1915A. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). In doing so, we accept as true all facts described in the complaint but need not accept "conclusory allegations or legal conclusions couched as factual [] allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation mark omitted). Section 1983 actions arising in Connecticut, like this one, are governed by the three-year limitations period set forth in Conn. Gen. Stat. § 52-577. *See Lounsbury v. Jeffries*, 25 F.3d 131, 132–34 (2d Cir. 1994). "Federal law determines when a section 1983 cause of action accrues, and we have ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (internal quotation marks omitted).

2

Here, the district court properly concluded that Mr. Harnage's claims were barred by the statute of limitations. Mr. Harnage's § 1983 cause of action accrued, at the latest, in late 2009, when he alleged that he knew of the injuries giving rise to his claims. Because Mr. Harnage did not file his complaint until December 2015, more than three years after the statute of limitations had run, his claims are time-barred. *See Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015) (per curiam) (affirming sua sponte dismissal of claims based on statute of limitations).

On appeal, Mr. Harnage argues that his filing of a state court complaint based on the same facts alleged in his federal complaint should have tolled the statute of limitations for his federal claims. This argument is without merit. "[I]n section 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules.'" *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (quoting *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484–86 (1980)). Section 52-577 of the Connecticut General Statutes does not provide for tolling the statute of limitations during a state proceeding. *See* Conn. Gen. Stat. § 52-577. And the Connecticut "savings" statute, which allows for the commencement of a new action when previous claims were dismissed for procedural reasons, *see* Conn. Gen. Stat. § 52-592, does not apply because Mr. Harnage's state court action was dismissed on the merits. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 131 (2d Cir. 1996) ("[T]he [Connecticut] savings statute only applies if the original claim was dismissed for procedural reasons and not on the merits.").

Mr. Harnage also argues that his late filing should be excused because the wrongdoing he alleges constitutes a continuing violation. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("The continuing violation doctrine is an exception to the normal knew-or-should-have-known accrual date." (internal quotation marks omitted)). This argument,

too, is without merit. The continuing violation doctrine is limited "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment," *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015), and, when the doctrine does apply, "the limitations period begins to run when the defendant has 'engaged in enough activity to make out an actionable . . . claim,'" *id.* (omission in original) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Even assuming the doctrine could apply to this context, Mr. Harnage's claims were ripe no later than 2009 when he became aware of the allegedly unlawful conduct giving rise to his claim. Nor could Mr. Harnage contend otherwise given that in 2010 he filed the aforementioned state court action premised on the same alleged misconduct.

In this Circuit, pro se complaints should not be dismissed by the district court "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo*, 579 F.3d at 183 (internal quotation mark omitted). However, a district court need not grant leave to amend when amendment would be "futile." *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). And nothing in Mr. Harnage's complaint or his appellate brief suggests that he could state a plausible claim that would not be futile.

We have considered Mr. Harnage's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4