16-3381
*Everson v. Armstrong et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
>    BARRINGTON D. PARKER,
>    SUSAN L. CARNEY,
>>        *Circuit Judges.*
>    TIMOTHY C. STANCEU,
>>        *Chief Judge, U.S. Court of Int'l Trade.*\*

_____

CHRISTOPHER EVERSON,

>            *Plaintiff-Appellant*,

>    v.                                                        No. 16-3381

JOHN ARMSTRONG, OFFICIAL AND INDIVIDUAL CAPACITY,
SCOTT SEMPLE, COMMISSIONER OF CORRECTION,
OFFICIAL AND INDIVIDUAL CAPACITY,

>            *Defendants-Appellees.*

_____

FOR APPELLANT:                                Christopher Everson, *pro se*, Hamden, CT.

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

AMICUS CURIAE:                          Carletha S.P. Texidor, Assistant Attorney
                                        General, Office of the Connecticut
                                        Attorney General, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on September 7, 2016, is **AFFIRMED**.

Appellant Christopher Everson appeals from a judgment entered after the district court *sua sponte* dismissed his suit pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

We review *de novo* a district court's *sua sponte* dismissal under § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). We conclude that the district court properly dismissed Everson's complaint on claim-preclusion grounds. *Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (A claim is precluded when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."). First, Everson's 2004 action for damages under 42 U.S.C. § 1983 was resolved on the merits when the district court entered summary judgment for defendants in 2009. *Everson v. Comm'r of Corr.*, No. 04-cv-387 (Dkt. Nos. 48, 131); *see also Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991). Second, with the exception of Commissioner Scott Semple, now sued in his individual capacity, the 2004 action and the

---

[1] The named defendants were never served and, therefore, are not parties to this appeal. We directed the Connecticut Attorney General's Office to file a brief as amicus curiae in support of defendants' position.

2

current action involve the same named parties or those in privity with them. Third, in both the 2004 action and the current action, Everson asserts claims under § 1983 based on his allegedly discriminatory firing in 2001. Therefore, the district court properly determined that the earlier dismissal of the 2004 action precludes Everson from pursuing the present claims against the same parties.

Dismissal of Everson's claim against Semple also was proper. The district court dismissed this claim on claim-preclusion grounds even though it could have been argued that Semple was not in privity with the plaintiffs in the 2004 action. We need not consider that issue because the claim, even were it not so precluded, would be time-barred. *See Lounsbury v. Jeffries*, 25 F.3d 131, 133-34 (2d Cir. 1994). Moreover, to the extent Everson seeks in the current action to hold Semple liable in his individual capacity as well as in his official capacity, he fails to allege any facts to support an inference that Semple was personally involved in the 2001 events giving rise to his claim. *See, e.g., K & A Radiologic Tech. Servs., Inc. v. Comm'r of Dep't of Health of State of N.Y.*, 189 F.3d 273, 278-79 (2d Cir. 1999) (stating that "[p]ersonal involvement of the defendant in the alleged deprivation is a prerequisite to recovery of damages under § 1983").

Finally, Everson invokes this Court's mandamus jurisdiction, seeking an order directing the district court to revisit its 2009 summary judgment ruling. We deny the requested relief. Everson has already had the opportunity to appeal the 2009 ruling, and mandamus "[may] not be used as a substitute for the regular appeals process." *See, e.g., Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

We have considered Everson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court