22-1258-cv
*Watson v. Tong, et. al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

Granville S. Watson,

> *Plaintiff-Appellant*,

v.                                      22-1258-cv

William Tong, Jon Laughlin, Dawne G. Westbrook, Michael Morrisey,

> *Defendants-Appellees*,

State of Connecticut, Manchester Police Department, Manchester Probation,

> *Defendants*.

---

1

FOR PLAINTIFF-APPELLANT:                                     Granville S. Watson, *pro se*,
                                                             Newark, DE.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*; Richardson, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Granville Watson, proceeding *pro se*, appeals from the *sua sponte* dismissal of his complaint asserting claims under 42 U.S.C. § 1983 against the State of Connecticut, Manchester Police Department, Manchester Probation, and the individual defendants-appellees (collectively, "defendants").[1]  As set forth below, we conclude that the claims were properly dismissed because they are barred by the applicable statute of limitations. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In his complaint, Watson alleged the following facts, which at this stage we accept as true. He was wrongfully convicted and sentenced to five years' imprisonment in 1991 for unlawful possession of a firearm, and then in 1997 wrongfully imprisoned for three years on a probation violation despite not being on probation at the time.  Following his release from incarceration on the probation violation, defendants and other state and local officials repeatedly prevented him from accessing records relating to his convictions.  On September 30, 2009, Watson was pardoned for his convictions.  On March 3, 2020, he received copies of the records relating to his

---

[1]  Defendants-appellees submitted a letter stating that they will not file an appearance or any briefing in this appeal unless requested to do so by this Court.

convictions for the first time, and, sometime thereafter, filed a claim with the Connecticut Claims Commissioner to seek redress for his wrongful incarceration. His claim was denied on January 6, 2022, on statute of limitations grounds because it was filed more than two years after Watson was pardoned.

On February 28, 2022, Watson filed this lawsuit seeking damages for wrongful incarceration, damage to his reputation, and loss of employment. On April 26, 2022, the district court referred the case to Magistrate Judge Robert A. Richardson for review of the complaint pursuant to 28 U.S.C. 1915(e)(2). On April 28, 2022, Magistrate Judge Richardson suggested, in a recommended ruling (the "Recommended Ruling"), that the Section 1983 claim be dismissed because it was untimely under Connecticut's three-year statute of limitations and Watson did not show that his claim was tolled pursuant to Section 52–595 of the Connecticut General Statutes.[2] Specifically, Magistrate Judge Richardson found that Watson's claim could not be tolled under Section 52–595 because, while Watson alleged that defendants intentionally concealed documents related to his convictions, he did not allege that he was unaware of the facts establishing the defendants' liability. On May 10, 2022, Watson filed his objection to the Recommended Ruling, as well as an amended complaint. On May 20, 2022, the district court adopted the Recommended Ruling and *sua sponte* dismissed the complaint, noting that "[Watson's] objection and proposed Amended Complaint do not adequately address or cure the deficiencies identified in the

---

[2]  Magistrate Judge Richardson also found that Watson failed to state a Section 1983 claim against the State of Connecticut, Manchester Police Department, and Manchester Probation Department because they were shielded by sovereign immunity. Watson did not file a notice of appeal as to these named defendants nor otherwise challenge their dismissal on this ground on appeal. In any event, his claims against these entities would also be barred by the statute of limitations for reasons set forth herein.

3

Recommended Ruling, particularly with respect to the statute of limitations, which has clearly elapsed."  App'x at 5, Dist. Ct. Dkt. 19.

**DISCUSSION**

On appeal, Watson principally argues that the limitations period for his Section 1983 claims should have been tolled until March 2020, when he first received the documents related to his allegedly wrongful convictions, because defendants fraudulently concealed those records from him and thereby prevented him from pursuing his claim sooner.  We disagree.

We conduct *de novo* review of a *sua sponte* dismissal of a complaint pursuant to Section 1915(e)(2).  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).  "To avoid dismissal, a complaint must plead enough facts to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks and citation omitted).  We construe a complaint filed *pro se* liberally to raise the strongest arguments it suggests.  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam).

The statute of limitations for a Section 1983 claim "is borrowed from the statute of limitations for the analogous claim under the law of the state where the cause of action accrued, which in Connecticut is three years."  *See Spak v. Phillips*, 857 F.3d 458, 461–62 (2d Cir. 2017) (internal citations omitted).  "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does

4

not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90 (internal citations omitted).

Watson's Section 1983 claims for a wrongful conviction and imprisonment accrued, if at all, when he was pardoned on September 30, 2009. However, assuming *arguendo* that his claims accrued on that date, *see, e.g.*, *Savory v. Cannon*, 947 F.3d 409, 431 (7th Cir. 2020) (en banc), the three-year statute of limitations would have expired in 2012, almost a decade before he filed the instant lawsuit.

Watson counters that his claims are subject to tolling under Section 52-595 of the Connecticut General Statutes. However, even assuming *arguendo* that tolling under Section 52-595 can apply to Section 1983 claims, we agree with the district court that Watson does not qualify for such tolling under the facts of this case.[3] Under Section 52-595, if the plaintiff shows that a defendant fraudulently concealed the facts supporting his cause of action, "such cause of action shall be deemed to accrue . . . when the person entitled to sue . . . first discovers its existence." Conn. Gen. Stat. § 52-595 (1949). Thus, to receive the benefit of tolling under Section 52-595, a plaintiff must have been unaware of the "*existence* of his or her cause of action from the time the claim originally accrued." *Martinelli*, 196 F.3d at 427 (emphasis added).

Watson asserts that his claim was tolled until March 2020 because defendants fraudulently withheld the records related to his convictions until that time. However, it is clear on the face of the complaint that Watson was not ignorant of the existence of his cause of action until that later

---

[3] We note that Section 1983 claims borrow from state law for rules governing tolling, *see Lounsbury v. Jeffries*, 25 F.3d 131, 133–34 (2d Cir. 1994), but we apply federal law to rules governing accrual, *see Wallace v. Kato*, 549 U.S. 384, 388 (2007). Although Section 52-595 uses the term "accrual," both this Court and the Connecticut Supreme Court have treated that statute as a tolling statute. *See, e.g.*, *Martinelli v. Bridgeport Roman Cath. Diocesan Corp.*, 196 F.3d 409, 419 (2d Cir. 1999); *Iacurci v. Sax*, 99 A.3d 1145, 1154 (Conn. 2014). However, we need not address this issue because Watson has not satisfied the requirements of Section 52-595, even assuming it could apply.

date. To the contrary, he has alleged that he knew his convictions were wrongful at the time of the arrests and considered filing a lawsuit upon his release from prison in 1998. Accordingly, based on Watson's allegations, Section 52-595 does not toll his claim because he was aware of his cause of action for wrongful convictions long before he obtained the records in March 2020.

We are similarly unpersuaded by Watson's argument that his claims should be equitably tolled. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks and citation omitted). "To secure equitable tolling, it is not enough for a party to show that he *experienced* extraordinary circumstances. He must further demonstrate that those circumstances *caused* him to miss the original filing deadline." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (emphasis added).

Watson has failed to show that he has been diligently pursuing his rights, given that he waited over ten years after he was pardoned to sue on his claim. Nor has he alleged any extraordinary circumstances warranting equitable tolling. Watson's allegations regarding defendants' efforts to thwart his attempts to retrieve documents related to his convictions do not excuse his failure to file a federal suit before the statute of limitations elapsed. Watson was aware of his cause of action throughout the entirety of the limitations period and could have obtained the documents in question through the discovery process. *See Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) ("Nor can equitable tolling be premised on . . . lack of education, pro se status, or ignorance of the right to bring a claim.").

In sum, we conclude that the district court properly dismissed Watson's complaint as time-barred.

We have considered Watson's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
